IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| SERENA RUIZ, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:26-cv-04024-WJE |
| | ) |
| BRIAN GOTTLIEB, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Plaintiff Serena Ruiz, *pro se*, has requested leave to proceed with her Complaint without payment of the filing fee, pursuant to 28 U.S.C. § 1915, and submitted a financial affidavit in support. (Doc. 1). For the reasons set forth below, it is recommended that Ms. Ruiz's motion be denied and the case be dismissed.

### I.     Legal Standard

Section 1915(a)(1) states that the Court may authorize the continuation of any suit without prepayment of fees or costs by a person who submits an affidavit that he is unable to pay such fees or costs. In weighing the application, the Court is guided by Local Rule 83.7, which states that the court fees and costs should not "cause the applicant to give up the basic necessities of life."

Upon the determination of the applicant's ability to pay the requisite fee, the Court must review the action under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>   (B) the action or appeal—
>
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). While a *pro se* pleading is to be liberally construed, it still must allege some facts, which if proven true, would entitle the plaintiff to some specific legal remedy against the named defendant(s), based on some established rule of law. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## II. Discussion

The Court has reviewed Plaintiff's affidavit of financial status and finds that she is qualified for in forma pauperis status based on economic need. However, applying 28 U.S.C. § 1915(e)(2)(B) and Local Rule 83.7 to the case at hand, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Ms. Ruiz's Complaint contains three paragraphs. The first states, in its entirety, "Defendant, what others described as kind-hearted, failed to remain the same when doing his job, [sic]" (Doc 1-1). The second states, in its entirety, "When adjudicating issues, he showed tardiness, leaving things undecided, [sic]" (*Id.*). It then states that the Plaintiff requests the Court issue a writ of mandamus "to resolve the backlog as soon as possible, which this Court has jurisdiction." (*Id.*). These paragraphs do not set out any facts whatsoever. The Complaint does not identify the defendant other than by name. It does not explain the relationship between Ms. Ruiz and the defendant. It does not contain any facts describing how Ms. Ruiz has been harmed. It makes reference to "the backlog" but does not elaborate on what the backlog is or how Court intervention could resolve it. (*Id.*). Although *pro se* pleadings are liberally construed, the Complaint must still allege some facts which, if proven true, would entitle the plaintiff to some legal remedy. *Stone*, 364 F.3d at 914. Even construing Ms. Ruiz's Complaint liberally, it is devoid of facts and fails to state a claim upon which relief can be granted.

### III. Conclusion

For the foregoing reasons, IT IS THEREFORE RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, enter an order denying Ms. Ruiz's motion and dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 2nd day of February, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge